UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EDDIE JAMES THOMAS,JR.,

Petitioner,

v.

ISIDRO BACA, et al.,

Respondents.

Case No. 3:13-cv-00043-MMD-WGC

ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is respondents' motion to dismiss the petition (dkt. no. 31). Petitioner has opposed the motion (dkt. no. 36) and filed supplemental exhibits (dkt. no. 38). Respondents replied (dkt. no. 39) and filed supplemental exhibits (dkt. no. 40), an errata to the motion to dismiss (dkt. no. 41), and a supplement to the errata (dkt. no. 42).

## I. PROCEDURAL HISTORY AND BACKGROUND

On May 1, 2007, pursuant to a jury verdict, petitioner was found guilty of counts 1-5 — statutory sexual seduction. He was sentenced as a habitual criminal to serve counts 1-3 concurrently for a term of 96 to 240 months and to serve counts 4-5 concurrently for a term of 96-240 months, but consecutive to counts 1-3 (exhibits to first amended petition, dkt. no. 20, Pet. Exh. 23).[1]

---

[1]All exhibits referenced in this order are either exhibits to the amended petition ("Pet. Exh.") (dkt. no. 13), which are found at dkt. nos. 14-23, or exhibits to respondents' motion to dismiss ("Resps. Exh.") (dkt. no. 31), which are found at dkt. nos. 32, 41, 42.

Petitioner appealed his conviction, which the Nevada Supreme Court affirmed on December 10, 2007. (Pet. Exhs. 24, 27, 29.) Remittitur issued on January 4, 2008. (Pet. Exh. 30.)

On July 24, 2007, while his direct appeal was pending, petitioner filed a state postconviction habeas petition. (Pet. Exh. 26.) The state district court denied the petition without prejudice, and the Nevada Supreme Court dismissed the appeal for lack of jurisdiction. (Resps. Exh. C.)

On February 21, 2008, petitioner filed a second state postconviction petition, in proper person. (Pet. Exh. 32.) On May 13, 2009, the Nevada Supreme Court affirmed the district court's denial of the petition. (Pet. Exh. 45.) The Nevada Supreme Court denied rehearing on June 23, 2009, and remittitur issued on July 21, 2009. (Pet. Exhs. 46, 47, 48.)

On August 5, 2009, petitioner dispatched his first federal habeas petition (3:09-cv-00455-HDM-WGC) ("2009 Petition"). Ultimately, on December 15, 2011, the Court granted respondents' motion to dismiss, dismissing the 2009 Petition based on procedural default and failure to exhaust. (*Id*. at dkt. no. 37.) Petitioner did not appeal.

In the meantime, on December 11, 2009, petitioner, in proper person, filed a motion to correct illegal sentence with the state district court. (Pet. Exh. 57.) The state court denied the motion, initially on March 2, 2010, and on reconsideration, on April 16, 2010. (Pet. Exhs. 60, 63.)

On August 12, 2009, petitioner, in proper person, filed a third state postconviction petition. (Pet. Exh. 50.) On October 22, 2009, that state district court held a hearing and stated for the record that petitioner had sent a letter to the Court indicating that what he sent the state court was "just a courtesy copy" of his first federal petition. (Pet. Exh. 56 at 3.) The petition was thus taken off the state district court's calendar.

On February 21, 2012, petitioner filed a fourth state postconviction petition. The Nevada Supreme Court affirmed the denial of the petition on January 16, 2013, and remittitur issued on February 12, 2013. (Pet. Exhs. 73, 74.)

On January 24, 2013, petitioner dispatched his federal petition in the instant case. (Dkt. no. 6.) Through appointed counsel, petitioner filed an amended petition on February 3, 2014. (Dkt. no. 20.) The amended petition raises five grounds for relief. *Id*. Respondents argue that the petition should be dismissed as untimely (dkt. no. 31).

## II. DISCUSSION

### A. AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

For purposes of the AEDPA limitations period, "a judgment becomes 'final' in one of two ways — either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by the expiration of the

time to seek such review, again from the highest court from which such direct review could be sought." *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). United States Supreme Court Rule 13.1 provides that a petitioner has ninety days from the entry of judgment or entry of an order denying rehearing, within which to file a petition for certiorari. Sup. Ct. R. 13.1. Rule 36(a) of the Nevada Rules of Appellate Procedure states that "[t]he filing of the court's decision or order constitutes entry of judgment." Where a petitioner pursues a direct appeal to the state's highest court but declines to pursue a petition for writ of certiorari with the United States Supreme Court, the petitioner's conviction becomes final upon the expiration of the time to file a petition for writ of certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Once the judgment of conviction becomes final, the petitioner has 365 days to file a petition for relief under 28 U.S.C. § 2254, with tolling of the time for filing during the pendency of a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim. 28 U.S.C. § 2244(d).

**B. Instant Petition**

Here, the Nevada Supreme Court issued its order affirming petitioner's judgment of conviction on December 10, 2007. (Pet. Exhs. 24, 27, 29.) Remittitur issued on January 4, 2008. (Pet. Exh. 30.) The record reflects that the AEDPA one-year statute of limitations began to run on July 22, 2009, after the Nevada Supreme Court affirmed the denial of petitioner's second state postconviction petition on May 13, 2009, and remittitur issued on July 21, 2009. (Pet. Exhs. 46, 47, 48.) Petitioner concedes that his timely 2009 Petition, filed on August 5, 2009, did not toll the time period (dkt. no. 36 at 10). Assuming without deciding that petitioner is correct that his state motion to correct illegal sentence, filed on December 11, 2009, tolled the statute of limitations, at that point 143 days of the time period had elapsed, leaving petitioner 222 days. (Pet. Exhs.

57, 60, 63; dkt. no. 36 at 10.) The one-year time period expired on November 9, 2010, while the 2009 Petition was pending. The Court dismissed ground 2 with prejudice as procedurally defaulted and dismissed the remaining grounds in the 2009 Petition without prejudice as unexhausted on December 15, 2011, after the time period had expired. (3:09-cv-00455-HDM-WGC, dkt. no. 37.) Respondents' calculations differ somewhat, however, both parties acknowledge that when the 2009 Petition was dismissed the § 2241(d)(1) limitations period had expired. (Dkt. nos. 31, 36, 39.)

**C. Relation Back**

As a preliminary matter, petitioner notes that "critically," almost every ground in his instant federal petition relates back to his timely-filed 2009 Petition. (Dkt. no. 36.) Under Federal Rule of Procedure 15(C), an amended habeas petition may relate back to the date when the original petition was filed. *See Mayle v. Felix*, 545 U.S. 644 (2005). However, the relation-back doctrine is inapplicable where the previous habeas petition has been dismissed. In *Raspberry v. Garcia*, 448 F.3d 1150, 1154-55 (9th Cir.2006), a petitioner sought to overcome a statute of limitations defense by asserting that his petition related back to a petition that had been dismissed without prejudice for failure to exhaust state court remedies. The Ninth Circuit rejected such an argument, holding that petitioner could not overcome a statute of limitations defense by arguing that his petition related back to the previously dismissed petition. *Id*. "We concluded that the relation back doctrine does not apply where the previous habeas petition was dismissed because there is nothing to which the new petition could relate back." *Id*. (citing *Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir.1999)).

As will be discussed more fully below, here, as in *Raspberry*, the Court dismissed petitioner's 2009 Petition as unexhausted. (3:09-cv-00455-HDM-WGC, dkt. no. 37.) Because the relation-back doctrine does not apply where the previous habeas petition was dismissed, petitioner's first amended petition in the instant case cannot relate back to the dismissed 2009 Petition. *Raspberry*, 448 F.3d at 1154–55.

///

**D. Equitable Tolling**

The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 560 U.S. at 650. The petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). "[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A petitioner "must show that some 'external force' caused his untimeliness, rather than mere 'oversight, miscalculation or negligence.'" *Velasquez v. Kirkland*, 639 F.3d 964, 969 (9th Cir. 2011) (quoting *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009)). "[A] garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling. *Holland*, 560 U.S. at 651-52 (internal quotations omitted). A *pro se* petitioner's lack of legal knowledge or sophistication is not, by itself, an extraordinary circumstance warranting tolling. *Raspberry v. Garcia*, 448 F.3d at 1154. A petitioner is not entitled to equitable tolling where the cause of his late filing is incorrect advice from counsel. *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001).

Here, petitioner argues that he is entitled to equitable tolling on two bases: (1) the Court erred in dismissing his timely first federal petition; and (2) he was denied access to his legal file. (Dkt. no. 36 at 11-15.)

///

**1. First Timely-Filed Federal Habeas Petition**

The Ninth Circuit has held that a petitioner is entitled to equitable tolling when a district court erroneously dismisses a timely filed mixed federal habeas petition. *Smith v. Ratelle*, 323 F.3d 813, 819 (9th Cir. 2003); *see also Jefferson v. Budge*, 419 F.3d 1013, 1017 (9th Cir. 2005). In *Smith*, the district court dismissed a petitioner's timely filed habeas petition without affording him the opportunity to amend his petition and delete the unexhausted claim. *Smith*, 323 F.3d at 815-816. The Ninth Circuit concluded that the dismissal was in error because the one-year statute of limitations expired while the federal petition was pending, foreclosing the petitioner from pursuing his timely filed exhausted claims. *Id*. at 817-818. Because the statute of limitations may prevent a petitioner from submitting a new petition under *Rose v. Lundy*, 455 U.S. 509 (1982), the Ninth Circuit has long directed that district courts must allow petitioners the opportunity to avoid dismissal by amending their mixed petitions and withdrawing their unexhausted claims. *Smith*, 323 F.3d at 817 (citing *Anthony v. Cambra*, 236 F.3d 568 (9th Cir. 2000)).

As noted, the Court dismissed petitioner's first timely-filed 2009 Petition. In doing so, the Court determined that ground 2, while exhausted, was procedurally defaulted. (3:09-cv-00455-HDM-WGC, dkt. no. 37 at 6-7). The Court then concluded that the remainder of the petition was wholly unexhausted and dismissed the action without prejudice. *Id*.

Petitioner contends that the Court improperly considered *sua sponte* whether ground 2 was procedurally barred and instead should have merely concluded that ground 2 was exhausted (dkt. no. 36 at 12). He states he was not put on notice with respect to the procedural default argument. (*Id*.) He also argues that the Court should not have addressed the procedural default analysis before addressing whether or not the petition should be dismissed as mixed. (*Id*. at 12-13.) If the Court had found ground 2 exhausted, the petition would have been a mixed petition and the Court would have had to give petitioner the opportunity to avoid dismissal by amending his mixed petition and withdrawing the unexhausted claims. (*Id*.; *Smith*, 323 F.3d at 817-818.)

Petitioner's arguments are unavailing. Contrary to petitioner's claim, he was on notice of respondents' procedural default argument. In respondents' motion to dismiss the 2009 Petition, they asserted that ground 2 was unexhausted, or, in the alternative, procedurally defaulted. (3:09-cv-00455-HDM-WGC, dkt. no. 32 at 6-7.) While, petitioner did not respond to the alternative argument that ground 2 was procedurally defaulted, he knew the argument was raised and indeed did not raise any objection to its consideration at that time. (*Id*. at dkt. no. 34.) The Court agreed that ground 2 was procedurally defaulted, and observed that petitioner did not argue that cause and prejudice existed to excuse the default. (*Id*. at dkt. no. 37 at 6-7.) The Court thus dismissed ground 2 with prejudice as procedurally defaulted and dismissed the remainder of the petition without prejudice as unexhausted. (*Id*. at 7-8.) Petitioner urges that the Court improperly considered whether ground 2 was procedurally defaulted instead of stopping its analysis upon its conclusion that the claim was exhausted (dkt. no. 36 at 12). The procedural default argument was properly raised. Moreover, in point of fact, this Court generally directs respondents in habeas matters to assert all potential affirmative defenses in an initial responsive pleading and commonly adjudicates motions to dismiss that raise both exhaustion and procedural default arguments.[2] And while 28 U.S.C. § 2254(b)(1) prohibits federal courts from granting habeas relief unless it appears that the petitioner has exhausted state court remedies, no statutory provision prohibits the adjudication of affirmative defenses until a completely exhausted habeas petition is presented to a federal court. Accordingly, after careful review of the record, the Court concludes that petitioner's argument that the Court erred in dismissing his

[2]Respondents acknowledge that the language commonly included in this Court's order directing respondents to respond to a habeas petition to "raise all potential affirmative defenses in the initial responsive pleading" does not appear in any order in this case. (Dkt. no. 39 at 7-8.) However, they cite to several habeas cases contemporaneous to petitioner's first federal petition in this district in support of their statement that this was the practice here and that, in fact, they were and are routinely explicitly directed by this Court to assert all potential affirmative defenses in the initial responsive pleading. *Id*., citing 2:09-cv-01750-PMP-PAL, dkt. no. 8; 3:09-cv-00621-RCJ-VPC, dkt. no. 5; 2:09-cv-02258-KJD-PAL, dkt. no. 5; 2:09-cv-02172-PMP-RJJ, dkt. no. 6; 3:14-cv-00096-LRH-VPC, dkt. no. 3; 2:13-cv-02235-JAD-GWF, dkt. no. 5.

timely first 2009 Petition as unexhausted is meritless, and he is not entitled to equitable tolling on that basis.

**2. Petitioner's Access to his Legal File**

In his opposition to the motion to dismiss the instant petition, petitioner argues that he is also entitled to equitable tolling because he was unable to get his legal file from his trial and appellate counsel. (Dkt. no. 36 at 14.) He alleges generally that he needed the file in order to identify claims, research and draft grounds for relief, and to cite to relevant exhibits in his state and federal habeas petitions. (*Id*.)

The failure of an attorney to return a client's files can, in some circumstances, amount to an extraordinary circumstance that may entitle a petitioner to equitable tolling. *See Spitsyn v. Moore*, 345 F.3d 796, 799-801 (9th Cir. 2003). In the instant case, however, petitioner does not establish that the lack of his files actually prevented him from filing a timely federal habeas petition. First, state court proceedings minutes indicate that petitioner's state counsel represented to the state court that they had, in fact, turned petitioner's file over to him. (Pet. Exh. 89 at 9 (minutes dated May 1, 2008.)) Next, the Court notes that respondents are correct that petitioner, in his support of his first federal petition, filed exhibits that included trial transcript excerpts, Nevada Supreme Court orders, investigative materials, discovery, including transcripts of recorded interviews by law enforcement, excerpts of police reports and affidavits by witnesses, date-stamped courtroom materials, including proposed jury instructions, and court orders (dkt. no. 39 at 9-10, citing 3:09-cv-00455-HDM-WGC, dkt. nos. 11, 18, 21, 27). Moreover, petitioner fails to adequately demonstrate how any missing transcripts or other portions of his legal file were necessary to bring other claims; he provides no concrete examples whatsoever of the kind of information he lacked — and ultimately obtained — from those documents. Indeed, his current petition continues to assert many of the same issues as his 2009 federal petition (*see* dkt. no. 36 at 13-14).

Additionally, petitioner has not established that he was diligent in filing his federal habeas petition. Taking petitioner's allegations as true, he did not receive his full legal

file until June 2011, when respondents to the 2009 Petition served a copy of his legal file on petitioner in connection with that case on June 3, 2011 (Dkt. no. 39 at 9, n.7).[3] Yet it took petitioner about one and one-half years after receipt of the legal file to mail his second federal habeas petition to this Court (dkt. no. 6).

In *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013-14 (2009), the Ninth Circuit found that a petitioner's lack of access to legal documents did not adequately explain why petitioner filed his federal habeas petition 340 days late, because petitioner "could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, or at least could have filed it in less than 340 days assuming that some lateness could have been excused." The court in *Waldron-Ramsey* found that the petitioner was not adequately diligent in filing a timely federal habeas petition. *Id.* Similarly here, petitioner has not demonstrated that he acted with diligence. From the time that petitioner received his "complete" legal file, petitioner waited some 600 days to mail a habeas corpus petition to this Court.

"[A] petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). Petitioner has failed to establish that extraordinary circumstances prevented him from filing a timely federal habeas petition, and petitioner has failed to establish that he was diligent in pursuing his rights and filing a timely second federal habeas corpus petition. Petitioner's instant federal petition is untimely, and petitioner is not entitled to equitable tolling.

## III. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a

[3] In his opposition to the motion to dismiss, petitioner explains that he received a large, unwrapped box, with no return address, in the prison legal mail. (Dkt. no. 36 at 8-9.) The box contained a complete copy of his transcripts. He further observed "[a]pparently, respondents sent him the transcripts when they moved to dismiss the fourth amended petition in June 2011." *Id*.

notice of appeal and request for certificate of appealability to be filed. Habeas Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R.App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir.2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir.2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id*.; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." (*Id*. (quoting *Slack*, 529 U.S. at 484).) In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id*. In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## IV. CONCLUSION

It is therefore ordered that the respondents' motion to dismiss (dkt. no. 31) is granted. The petition for a writ of habeas corpus is dismissed with prejudice as untimely.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk shall enter judgment accordingly and close this case.

DATED THIS 4th day of February 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE